IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT LIGON, et al.,

              Plaintiffs,

      v.

BAC HOME LOANS SERVICING,
LP, aka BANK OF AMERICA, N.A.
CORPORATION & BANK OF
AMERICA,

              Defendant.

CIVIL ACTION FILE NO.

1:11-CV-03811-RWS-JFK

## FINAL REPORT AND RECOMMENDATION

The named Plaintiffs in this putative class action, Robert Ligon and Kadiji Townsend, each have, or had, a loan serviced by BAC Home Loans Servicing, LP, and have filed this action on behalf of all "mortgagee, homeowner(s)" allegedly damaged by Defendant's handling of the loan modification process on their residential mortgage loans. [Doc. 1 at 1 ("Complaint - Class Action")]. Bank of America, N.A. ("BANA"), in its own capacity and as successor by merger to BAC Home Loans Servicing, LP,[1]

---

[1] BANA states that BAC Home Loans Servicing, LP, merged with and into Bank of America, N.A., on July 1, 2011, "which it assumes is the entity that Plaintiffs attempted to name in the caption." [Doc. 7 at 1 n.1; Doc. 10, Corporate Disclosure Statement].

has filed a motion to dismiss the complaint based on Rules 12(b)(5), 12(b)(6) and 23 of the Federal Rules of Civil Procedure.

Plaintiffs are proceeding *pro se* and have filed a "Motion to Strike Defendants (sic) Request to Dismiss." [Doc. 13]. The Clerk of Court is **DIRECTED** to amend the docket to reflect that [Doc. 13] is construed by the court to be Plaintiffs' response to the motion to dismiss. BANA filed a reply. [Doc. 14].

## I.     Rule 12(b)(5)

In its motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5), BANA contends that it was only served with the summons and not the complaint. [Doc. 7 at 8, 10, 12]. The court must address the sufficiency of service of process before addressing the merits of BANA's Rule 12(b)(6) motion. "'Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served.' . . . Therefore, where a court finds insufficient service, it is 'improper for the district court to . . . reach[ ] the merits in th[e] case and to . . . issue[ ] a dismissal with prejudice.'" Pelmore v. Pinestate Mortg. Corp., 2010 WL 520767, at *2 (N.D. Ga. February 8, 2010) (quoting Jackson v. Warden, FCC Coleman–USP, 259 Fed. Appx. 181, 182-83 (11th Cir. 2007); Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)).

2

"The plaintiff is responsible for having the summons and complaint served within the time permitted under Rule 4(m)," Fed. R. Civ. P. 4(c)(1), and, ultimately, the plaintiff "bears the burden of establishing proof of service of process[,]" Adventure Outdoors, Inc. v. Bloomberg, 519 F. Supp. 2d 1258, 1270 (N.D. Ga. 2007), rev'd on other grounds, 552 F.3d 1290 (11th Cir. 2008). However, the defendant challenging service via a Rule 12(b)(5) motion "*first* bears the burden of producing affidavits that, in non-conclusory fashion, demonstrate the absence of jurisdiction." Lowdon PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008) (citation omitted) (emphasis added); accord Hollander v. Wolf, 2009 WL 3336012, at *3 (S.D. Fla. October 14, 2009) (citation omitted).

Plaintiff filed a return of service using Local Form 440 (12/09) Summons in a Civil Action. [Doc. 2]. "Under the Federal Rules of Civil Procedure, a signed return of service constitutes *prima facie* evidence of valid service, which can be overcome only by strong and convincing evidence; once such a *prima facie* showing is made, the burden shifts to the defendant to demonstrate that service was not received." 62B Am. Jur. 2d, Process § 294 (2012) (citation omitted). Although the summons refers to an "attached complaint," the proof of service form does not state that the complaint was attached, and BANA contends that it was only served with the summons. [Doc. 7 at

3

8, 10, 12].  BANA has, however, not demonstrated by affidavits, such as an affidavit from the bank officer on whom service was made or from the process server, that the complaint was not served with the summons.  Therefore, BANA has not met its burden of proof to demonstrate the absence of jurisdiction.  <u>Lowdon PTY Ltd.</u>, 534 F. Supp. 2d at 1360 (citation omitted).  The court therefore **RECOMMENDS** that the Rule12(b)(5) motion be **DENIED without prejudice**.

## II.    Standard of Review

The court may properly consider a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim for relief without first resolving the issue of class certification under Fed. R. Civ. P. 23.  <u>See</u> 32B Am. Jur. 2d, Federal Courts § 1782 (2012).  Ruling on the motion to dismiss prior to class certification binds only the named plaintiffs.  <u>Id.</u>; <u>and see</u> <u>In re Diamond Multimedia Sys., Inc. Sec. Litig.</u>, 1997 WL 773733, at *6 (N.D. Cal. October 15, 1997).  <u>Accord</u> <u>Gonzalez v. Asset Acceptance, LLC</u>, 308 Fed. Appx. 429, 431 (11th Cir. 2009) (affirming district court's denial of class certification and dismissal for failure to state a claim where the plaintiff did not allege specific facts that supported his claims); <u>Hoving v. Transnation Title Ins. Co.</u>, 545 F. Supp. 2d 662, 664 (E.D. Mich. 2008) (ruling on a motion to dismiss before class certification).

4

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to

5

cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). And a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356,

6

1359 (S.D. Fla. 2004) (citing <u>Milburn v. United States</u>, 734 F.2d 762, 765 (11th Cir. 1984)).

"Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." <u>Bernard v. Calejo</u>, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")). <u>See also</u> <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304, 1308 (11th Cir. 2006); <u>Aque v. Home Depot U.S.A., Inc.</u>, 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" <u>Erickson</u>, 127 S. Ct. at 2200 (citations omitted). Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

AO 72A
(Rev.8/82)

The court will apply these standards in ruling on BANA's motion to dismiss the complaint.

## III.   Facts

Plaintiffs Robert Ligon and Kadiji Townsend each obtained a loan from Pine State Mortgage Corporation.  The loans were  apparently serviced by BAC Home Loans Servicing, LP (BANA), and after defaulting on the loans, Plaintiffs signed Loan Modification Agreements with BANA which modified the loans by capitalizing the past-due interest (i.e., adding the interest past-due to the principal amount owed) and lowering the monthly payments by reducing the interest rate and extending the length of the loan.  The exhibits attached to BANA's motion provide the details.[2]

---

[2]On a Rule 12(b)(6) motion, the court has discretion to determine whether to accept documents beyond the pleadings.  See Adamson v. Poorter, 2007 WL 2900576, at *2 (11th Cir. October 4, 2007) (citations omitted).  The court may take "judicial notice, see Fed. R. Evid. 201, of certain documents attached to a motion to dismiss . . . , includ[ing], . . . public records . . . . ."  Harford v. Delta Air Lines, Inc., 2008 WL 268820, at *2 (N.D. Ga. January 30, 2008) (citations omitted).  The court may also take notice of documents that are both "central" to the complaint and "undisputed."  Atwater v. NFL Players Assoc., 2007 WL 1020848, at *7 (N.D. Ga. March 29, 2007) (citing Maxcess, Inc. v. Lucent Tech., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005)).  The documents attached to Defendant's motion to dismiss, which Plaintiffs have not disputed, have therefore been taken into consideration to test whether the complaint sufficiently states a claim upon which relief can be granted.

AO 72A
(Rev.8/82)

**The Ligon Loan**

Ligon's loan was executed on September 28, 2007, for $256,642 plus interest. [Doc. 7, Exhibit A]. The Note was stamped (undated) by Pine State Mortgage Corporation, "Without Recourse Pay to the Order of Countrywide Bank, FSB." [Id.]. To secure the loan, Ligon executed a Security Deed giving the property at 203 Crimson Drive, Dallas, Georgia 30132, to "Mortgage Electronic Registration Systems, Inc. ('MERS') (solely as nominee for Lender . . . and Lender's successors and assigns) and to the successors and assigns of MERS" with the right "to foreclose and sell the property." [Id., Exhibit B at 1, 2].[3] In May 2009, Ligon signed a Loan Modification Agreement agreeing to amend the Security Deed to reflect that the principal amount secured was increased to $284,514.90 and signed an Amended and Restated Note reducing the interest rate while extending the length of the loan, thus slightly reducing the monthly payment amount. [Id., Exhibit C]. Ligon signed a second Loan Modification Agreement in July 2010 increasing the principal sum secured to $301,861.61 and signed an Amended and Restated Note reflecting the change in the principal amount. [Id., Exhibit D].

---

[3]The Security Deed is recorded with the Clerk of Superior Court, Paulding County, Georgia, Deed Book 02487, Page 1005-15.

AO 72A
(Rev.8/82)

One year later, on June 23, 2011, MERS assigned Ligon's Security Deed to "BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP." [Id., Exhibit E].[4] Four months later, on October 27, 2011, MERS (as "Nominee for Bank of America N.A. as successor by Merger to BAC Home Loans Servicing, LP") signed the May 2009 Loan Modification Agreement on Ligon's loan, and the Modification Agreement was recorded on November 2, 2011, at Deed Book 02936, Page 0840-0845 in the Paulding County public records.[5] [Id., Exhibit C at 2, 5].

### The Townsend Loan

Townsend's loan was executed on October 4, 2007, for $254,587 plus interest. [Id., Exhibit F]. Townsend's Note, like Ligon's, was stamped, "Without Recourse Pay to the Order of Countrywide Bank, FSB." [Id.]. To secure the loan, Townsend executed a Security Deed giving the property at 14 MacKenzie Drive, Powder Springs, Georgia 30127, to "Mortgage Electronic Registration Systems, Inc. ('MERS') (solely as nominee for Lender . . . and Lender's successors and assigns) and to the successors and assigns of MERS[,]" with the right to "foreclose and sell" the property, recorded

---

[4]The Assignment was recorded on July 11, 2011, with the Clerk of Superior Court, Paulding County, Georgia, Deed Book 02906, Page 0544.

[5]The second Loan Modification Agreement does not reflect MERS' signature or any evidence of recordation.

10

with the Clerk of Superior Court, Paulding County, Georgia, Deed Book 02490, Page 0834-44. [Id., Exhibit G]. In June 2009, Townsend signed a Loan Modification Agreement to increase the principal sum secured to $282,189.98 and signed an Amended and Restated Note (undated) reflecting that change and a reduced interest rate and extended term. [Id., Exhibit H]. Townsend signed a second Loan Modification Agreement in November 2010 and an Amended and Restated Note, increasing the principal sum secured to $314,609.70. [Id., Exhibit I]. Neither Townsend Loan Modification Agreement is signed by another entity; nor has any party provided evidence that either Agreement was recorded. MERS assigned the Townsend Security Deed to "BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP" on June 22, 2011, and the Assignment was recorded on June 29, 2011, at Deed Book 14861, Page 6017, with the Cobb County Clerk of Superior Court. [Id., Exhibit J].

Defendant "proceeded to foreclose on [both] homeowners." [Complaint, ¶ 24]. And Plaintiffs filed this action on November 4, 2011, alleging that, as a result of "Defendant's wrongdoing, misrepresentation, [and] deceit, . . . ," Plaintiffs and Class Action Members are entitled to damages, rescission, recovery of the consideration paid with the modification documents, and injunctive and other relief. [Doc. 1].

## IV.  Discussion

BANA contends that the complaint is a shotgun pleading and that it fails to state any claim for which the court can grant relief.  The claims in the complaint appear, as described by BANA, "to all stem from the allegations that BANA failed to provide loan modifications and wrongfully foreclosed on Plaintiffs and 'Class Members.'" [Doc. 7 at 18].

### A.  Shotgun Pleading

Like the typical shotgun complaint, Plaintiff's complaint "begin[s] with a long list of general allegations, most of which are immaterial to most of the claims for relief [on their loans]," Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998), and the complaint is "framed in complete disregard of the principle that separate, discrete causes of action should be plead [sic] in separate counts. . . ," Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996). The causes of action which Plaintiffs allege in the complaint are not presented as separate counts and supported by factual allegations that are specific to each count and stated in separate paragraphs.  Rather, Plaintiffs' claims are scattered throughout the list of general allegations that comprise the complaint and are rambling, confusing, vague and extremely difficult to decipher.

12

One of the reasons for requiring a more definite statement or repleader is to ensure compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (as amended 2007).  And Rule 10(b) provides in pertinent part that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."  Fed. R. Civ. P. 10(b) (as amended 2007).  In <u>Davis v. Coca-Cola Bottling Co. Consolidated</u>, 516 F.3d 955 (11th Cir. 2008), the Eleventh Circuit stated:

> These rules work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

<u>Id.</u> at 980 n.57 (citation and internal quotation marks omitted).

The Eleventh Circuit Court of Appeals has encouraged defendants to move for a more definite statement or courts to demand repleader in such cases, rather than filing a motion to dismiss the complaint.  <u>See</u> <u>Bailey v. Janssen Pharmaceutica, Inc.</u>, 288 Fed.

AO 72A
(Rev.8/82)

Appx. 597, 603 (11th Cir. 2008). The Court has stated, "When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001)). However, if a claim is subject to dismissal as a matter of law, repleader would then be futile and should not be required. See Dunn v. Air Line Pilots Ass'n, 193 F.3d 1185, 1191 n.5 (11th Cir. 1999) (noting that where "repleading would have been futile and would have resulted only in a second dismissal under Rule 12(b)(6)[,]" a party was not required to replead a claim in order to preserve objections on appeal) (citation omitted); Cotigan v. CitiMortgage, Inc., 2011 WL 3370397, at *10 (S.D. N.Y. August 2, 2011) ("Leave to replead is generally granted unless it would be futile to permit plaintiff to amend.").

Thus, while the complaint does not satisfy the pleading standards in Rules 8 or 10, Plaintiffs ought to be required to replead any claim that is not clearly subject to dismissal on the basis of a dispositive issue of law. See McInteer, 470 F.3d at 1354 n.6 (requiring repleader).

14

**B.     The Claims**

The seven claims that BANA has been able to identify in the complaint are for: (1) wrongful foreclosure, (2) breach of contract, (3) negligence/negligent misrepresentation, (4) fraud, and violations of (5) the Home Affordable Modification Program ("HAMP"), Federal Trade Commission Act ("FTCA") and Helping Families Save Their Homes Act of 2009 ("HFSTHA"), (6) the Truth in Lending Act ("TILA") and (7) the Fair Debt Collections Practices Act ("FDCPA"). [Doc. 7 at 18]. BANA argues and the court finds that Plaintiffs' response to the motion to dismiss does not address Defendant's arguments for dismissal of the wrongful foreclosure, negligence/negligent misrepresentation, and HAMP, FTCA, HFSTHA, TILA and FDCPA claims, except to cite case law for the general principle that the factual allegations in the complaint need only be enough "'to raise a right to relief above the speculative level.'" [Doc. 13 at 6 (citation omitted)]. Mere citations to case law do not demonstrate that the complaint contains the "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Financial Sec. Assurance, Inc., 500 F.3d at 1282-83 (citations and internal quotation marks omitted). BANA argues that the claims should therefore be dismissed as unopposed. [Doc. 14 at 3].

15

Courts have not, as a general rule, automatically granted a motion to dismiss a complaint for failure to file a response, when doing so would be dispositive of the litigation.  See Tobias v. Georgia Dept. of Corrections, 2009 WL 255632, at *1 (N.D. Ga. February 3, 2009) (recognizing that local rule allowed for granting of unopposed motion to dismiss, court nonetheless considered merits of motion); Perkins v. St. John Fisher College, 2006 WL 2728902, at *1 (W.D. Tex. July 21, 2006) (denying defendants' request to grant their motions to dismiss as unopposed) (citing Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006)); Raphael v. Hackett, 2006 WL 3334387, at *2 (S.D. Miss. November 13, 2006) (stating court "should" grant as unopposed the motion to dismiss but granting defendants' Rule 12 (b) motion on its merits).  The court will therefore review the merits of BANA's motion to dismiss each identified claim, including the claims specifically addressed in Plaintiffs' response which BANA argues are new allegations and still not sufficient to state a claim for relief.  [See Doc. 13 ¶¶ 7, 8; Doc. 14].

### HAMP, FTCA, and HFSTHA

Plaintiffs assert claims that BANA violated HAMP by failing to provide Plaintiffs with loan modifications [¶¶ 3, 12, 14(h)], violated "Section 5 of the FTCA" [¶ 14(d)], and knowingly violated the HFSTHA [¶¶ 11-13, 16(d)]. [Complaint]. Each

16

claim fails as a matter of law because, as argued by BANA [Doc. 7], HAMP, the FTCA, and the HFSTHA do not give borrowers a private right of action.

HAMP does not give residential mortgage borrowers who engage in the loan modification process a private cause of action based on refusal to grant a permanent loan modification, and "it is clear that no implied right of action exists" under HAMP. Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1116-17 (11th Cir. 2012). Accord Keosseian v. Bank of America, 2012 WL 458470, at *2 (D. N.J. February 10, 2012) (citing, *inter alia*, Bourdelais v. J.P. Morgan Chase Bank, N.A., 2011 WL 1306311, at *3 (E.D. Va. April 1, 2011) ("noting that courts across the country have 'universally rejected' claims by homeowners that they were entitled to modifications under HAMP because 'HAMP does not create a private right of action for borrowers against lenders and servicers'")); Kabir v. Statebridge Co., LLC, 2011 WL 4500050, at *8 n.11 (N.D. Ga. September 27, 2011) ("[F]ederal courts have found that HAMP, and the Emergency Economic Stabilization Act of 2008, neither expressly, nor impliedly, creates a cause of action or vests 'mortgagors with third party beneficiary rights to enforce HAMP' agreements under Georgia law." (citations omitted))).

Courts have also uniformly held that the FTCA does not provide individuals with a private right of action. See Lingo v. City of Albany Dep't of Comty. & Econ.

Development, 195 Fed. Appx. 891, 894 (11th Cir. 2006) ("There is no private cause of action implied under the [FTCA].") (citing Roberts v. Cameron-Brown Co., 556 F.2d 356, 361 n.6 (5th Cir.1977)[6] ("noting that 'regulation is in the hands of the administrative agency, and not the private citizen'")); Haun v. Don Mealy Imports, Inc., 285 F. Supp. 2d 1297, 1306 (M.D. Fla. 2003) ("the [FTCA] 'has never been construed to contain a private right of action'") (citation omitted); Days Inn of America Franchising, Inc. v. Windham, 699 F. Supp. 1581, 1582-83 (N.D. Ga. 1988) (same). Only the Federal Trade Commission "may commence a civil action" for unfair or deceptive trade practices. See 15 U.S.C. §§ 45(m)(1)(A), (B); 15 U.S.C. § 57b(a).

Finally, courts that have addressed the HFSTHA have held that it does not give borrowers a private right of action. See Thomas v. U.S. Bank Nat'l Ass'n, --- B.R. ---, 2012 WL 2367082 at **6-9 (D. N.J. June 22, 2012) (discussing history of loan modification programs and why a private right of action was not intended); Provost v. Saxon Mortg. Services, Inc., 2012 WL 1065481, at *2 (D. Mass. March 27, 2012) ("'To find a legal duty within the Helping Families Save their Homes Act - a duty that

_____

[6]On October 1, 1981, Congress divided the Fifth Circuit of the United States Court of Appeals into the new Fifth and Eleventh Circuits. Decisions rendered by the old Fifth Circuit are binding as precedent to courts within the Eleventh Circuit, unless later overruled by the Eleventh Circuit or the Supreme Court. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

18

would expose mortgage servicers to expanded liability under HAMP - would not accord with Congress's intent.'") (quoting <u>Markle v. HSBC Mortg. Corp.</u>, 844 F. Supp. 2d 172, 185 (D. Mass. 2011)); <u>Ahmad v. Wells Fargo Bank, NA</u>, --- F. Supp. 2d ---, ---, 2012 WL 917769, at *8 (E.D. Mich. March 19, 2012) (same).

Therefore, "although the Court understands Plaintiffs' frustration and is mindful of the plight of many homeowners in these difficult economic times," <u>Keosseian</u>, 2012 WL 458470, at *2, the court must **RECOMMEND** that Plaintiffs' HAMP, FTCA and HFSTHA claims be **DISMISSED WITH PREJUDICE**.

## TILA

The Truth in Lending Act, which was implemented "to assure a meaningful disclosure of credit terms. . . ," 15 U.S.C. § 1601(a), provides a right of action for damages and, for certain loans, a cause of action to rescind the loan. Mortgage loans for the acquisition or initial construction of a consumer's residence are, however, expressly exempted from rescission. <u>See</u> 15 U.S.C. §§ 1602(w), 1635(e)(1). Because Plaintiffs filed this action as "mortgagee, homeowner(s)" [Complaint at 1] and nothing in the complaint or the parties' briefs indicates that their loans were not for the acquisition or construction of their homes, Plaintiffs have not stated a claim for rescission.

AO 72A
(Rev.8/82)

Even if Plaintiffs were allowed to replead and could show that their loans were not for the acquisition or initial construction of their homes,[7] any claim for rescission is now time-barred. Failure to comply with the disclosure requirements in 15 U.S.C. § 1635(a) extends the right to rescind for up to three years after the transaction is complete. See 15 U.S.C. § 1635(f). But Plaintiffs' loans were closed in 2007 more than three years before this action was filed.

Plaintiffs also do not have a TILA claim for damages. Plaintiffs' claims are based on disclosures that they contend should have been, or were not properly, made during the loan modification process. TILA's disclosure requirements are not applicable to loan modifications. See Washington v. Nat'l City Mortg. Co., 2011 WL 1842836, at *5 (N.D. Cal. May 16, 2011) (TILA's disclosure requirements held not applicable to a the loan modification where "it did not constitute either an extension of new credit or a refinancing") (citing De Jose v. EMC Mortg. Corp., 2011 WL

---

[7]See Handy v. Anchor Mortg. Corp., 464 F.3d 760, 762 (7th Cir. 2006) (right of rescission applies to new loan refinancing or consolidating an extension of credit already secured by the consumer's principal dwelling); Thompson v. Irwin Home Equity Corp., 300 F.3d 88, 89 (1st Cir. 2002) (a loan *not* made in connection with initial acquisition or construction of home is subject to right of rescission under TILA); Jones v. Ameriquest Mortg. Co., 2006 WL 273545, at *4 (N.D. Ill. January 31, 2006) (plaintiff could seek right of rescission where she used her home to secure credit for purposes other than the acquisition of the home).

20

1539656, at *7 (N.D. Cal. April 19, 2011) ("'TILA disclosure requirements do not apply to forbearance or loan modification agreements that simply reduce the interest rate and payment schedule of a loan'")). <u>Accord</u> <u>Green v. CitiMortgage, Inc.</u>, 2011 WL 5866230, at *5 (W.D. Va. November 21, 2011); <u>Simpson v. Countrywide Home Loans</u>, 2010 WL 3190693, at **3, 4 (N.D. Ga. April 26, 2010) (new TILA disclosures were not required where loan modification was not a refinancing transaction, as defined by 12 C.F.R. § 226.20, of an existing obligation which is thereby satisfied and replaced).

The Loan Modification Agreements signed by Ligon and Townsend [Doc. 7, Exhibits A &C, E & H], like the loan modification in <u>Washington</u>, "altered the interest rate and the maturity date applicable to [the original loans]. Consequently, the Modification[s are] outside the purview of TILA." <u>Washington</u>, 2011 WL 1842836, at *5. The court therefore **RECOMMENDS** that the TILA rescission and damage claims in the complaint be **DISMISSED WITH PREJUDICE**.

## FDCPA

Plaintiffs allege that BANA violated the FDCPA, 15 U.S.C. § 1692, *et seq.*, when it "deployed a third-party collection agency" (un-named) to collect on the debt and that the collection agency representatives were "posing to be Bank of America

21

representatives." [Complaint, ¶ 25(a)]. "In order to prevail on an FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000) (citations omitted). BANA contends that the complaint does state a claim for relief against BANA under the FDCPA and that Plaintiffs should pursue their FDCPA claim against the third party collection agency directly. [Doc. 7 at 32, 33].

In support of its motion to dismiss, BANA argues that Plaintiffs have not alleged that BANA was a "debt collector" because, under the FDCPA, a debt collector "'does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'" [Doc. 7 at 33 (quoting Lacosta v. McCalla Raymer, LLC, 2011 WL 166902, at *6 (N.D. Ga. January 18, 2011) (internal citation omitted))]. The complaint does not allege, and nothing in the parties' briefs or the record, indicates that BAC Home Loan Servicing, LP, was not Plaintiffs' loan servicer before they defaulted on their loans. BANA also points out that the Eleventh Circuit has held that "a person in the business of enforcing security interests is not a debt collector for the purposes of the FDCPA other than

22

1692f(6)." [Doc. 7 at 33].  See Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 460 (11th Cir. 2009); and see LaCosta, 2011 WL 166902, at *6.

"Based on the reasoning of Reese [v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012), however], it is apparent an entity that regularly attempts to collect debts can be a 'debt collector' beyond § 1692f(6) of the FDCPA, even when that entity is also enforcing a security interest." Birster v. American Home Mortg. Servicing, Inc., 2012 WL 2913786, at *3 (11th Cir. July 18, 2012).  In Reese, a law firm representing the lender sent the Reeses a letter and documents demanding payment and threatening to foreclose on the property if the debt was not paid.  Because the letter stated that the "Lender hereby *demands full and immediate payment*" and referenced debt collection, specifically stating that the law firm "IS ATTEMPTING TO COLLECT A DEBT," the Court reasoned that the law firm's notice was a communication related to "'the collection of [a] debt' within the meaning of § 1692e"; therefore, the law firm had acted as a debt collector at the same time that it was enforcing a security interest.  Reese, 678 F.3d at 1217 (emphasis in original).

Plaintiffs' claims are distinguishable from Reese, however.  In Reese, all of the actions complained of - both foreclosure and collection on the debt - were the efforts of a third party debt collector.  Plaintiffs allege that BANA hired a third party debt

23

collector to collect on the debt, while BANA pursued the foreclosure. Accepting Plaintiffs' allegation as true, the complaint fails to state a claim for relief against BANA under the FDCPA because any violation occurred in connection with debt collection communication by, from and with a third party (as yet un-named), not BANA. The court **RECOMMENDS** that the FDCPA claim in the complaint therefore be **DISMISSED WITH PREJUDICE**.

### Breach of Contract

Plaintiffs also allege that BANA "breach[ed] its own contract to [ ] homeowners to modify mortgages, and even after accepting payment from the Plaintiffs . . . did not follow through with the modification of mortgages as define[d] in the contract." [Complaint, ¶ 2]. In response to BANA's motion to dismiss, Plaintiffs argue "that BANA breached the Loan Modification Agreement [with Ligon] dated July 14, 2010" [Doc. 13 ¶ 7; Exhibit 3], and they attach documents reflecting that, on August 4, 2010, Ligon made a "July payment" totalling "$1,9860.53" [Doc. 13-1 at 20 (Exhibit 4)]. BANA contends that the response raises a new claim for relief, a determination which

AO 72A
(Rev.8/82)

the court need not reach in making a recommendation on the merits of the pending motion to dismiss.[8]

The situation presented in this action parallels the situation presented to the Court of Appeals in Miller. All of the claims in the complaint, including the breach of contract claim, are based on the mortgage loan modification process. Ligon and Townsend "lack[ ] standing to pursue [a] breach of contract, breach of implied duty of good faith and fair dealing, and promissory estoppel claims insofar as they are premised on an alleged breach of [BANA's] HAMP obligations." Miller, 677 F.3d at 1117. "To the extent [that Plaintiffs'] claims fall outside of the scope of HAMP, they fail as a matter of law [because Plaintiffs do] not argue . . . that [the] breach of contract claim is independent from [BANA's] obligations under HAMP [and have] therefore abandoned any such argument." Id.; and see Kabir, 2011 WL 4500050, at *8 n.11 (holding that "federal courts have found that HAMP . . . [does not] vest[ ] 'mortgagors with third party beneficiary rights to enforce HAMP' agreements under Georgia

---

[8]However, it is clear that claims cannot be raised for the first time in a response brief. See Herring v. Secretary, Dep't of Corrections, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'") (citation omitted); United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002) (holding that a court need not address an issue raised for the first time in a reply brief), cert. denied, 123 S. Ct. 2628 (2003).

AO 72A
(Rev.8/82)

law").[9]  Accordingly, the court **RECOMMENDS** that Plaintiffs' breach of contract claims be **DISMISSED WITH PREJUDICE**.

### Negligence/Negligent Misrepresentation

Plaintiffs allege that BANA's actions also "constitute[ ] common law negligen[ce] and misrepresentation," which Defendant interprets as an allegation that BANA violated a duty of care in servicing Plaintiffs' loans by failing to provide loan modifications.  [Complaint, ¶ 16; Doc. 7 at 24].  Because Plaintiffs' negligence and negligent misrepresentation claims, like the contract claims, are based on allegations that BANA had a legal duty to give Plaintiffs a permanent loan modification under HAMP or another loan modification program, the complaint fails to state a claim for relief.  See Miller, 677 F.3d at 1115-16 (affirming dismissal of claims that were based on a denial of a permanent loan modification); and see Polk v. Countrywide Financial Corp., 2012 WL 2952389, at *6 (E.D. Mich. July 19, 2012) (The court dismissed negligence claims noting, "A lender has no duty to modify a borrower's loan under the HAMP program.") (citations omitted); Ortiz v. America's Servicing Co., 2012 WL 2160953, at *6 (C.D. Cal. June 11, 2012) (citing cases which have held that loan

---

[9]And as Defendant points out, Ligon and Townsend have not alleged that they made continuous payments under the Loan Modification Agreements or that they were no longer in default.  [Doc. 14 at 9-10].

modification is intimately tied to the initial loan and, therefore, does not give rise to a legal duty between the lender and borrower); <u>Pardue v. Bankers First Fed. Savings & Loan Ass'n</u>, 175 Ga. App. 814, 815, 334 S.E.2d 926, 927 (1985) ("[t]here is . . . *particularly* no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests") (emphasis in original). The court therefore **RECOMMENDS** that Plaintiffs' negligence and negligent misrepresentation claims be **DISMISSED WITH PREJUDICE**.

<b>Fraud/Detrimental Reliance</b>

Plaintiffs' allege that BANA misled and/or misrepresented its intent to provide loan modifications including that Plaintiffs relied on Defendant's representations "on multiple occasions to not make payments even though Plaintiffs were prepared to make them" and have suffered damages as a result. [Complaint; Doc. 13, ¶ 8]. Plaintiffs' allegations cannot support a claim for relief based on promissory estoppel. <u>See</u> <u>Miller</u>, 677 F.3d at 1117. And BANA, which interprets Plaintiffs' allegations as a claim for "fraud," argues, correctly, that Plaintiffs' allegations are not pled with the specificity required under Fed. R. Civ. P. 9(b). [Doc. 14 at 2-3]. Plaintiffs fail to show how they were harmed by BANA, an element required to state a claim for fraud, as opposed to

27

suffering damages as a result of defaulting on their loans and the loan modifications which capitalized their past due interest. To the extent that Plaintiffs' claims can be interpreted as a claim that BANA's representations led Plaintiffs to make payments which they would not otherwise have made prior to foreclosure, Plaintiffs fails to state how they were harmed by BANA. And to the extent that Plaintiffs did not make payments while they were trying to avoid foreclosure, Plaintiffs fail to allege how they were harmed by BANA. Therefore, the court **RECOMMENDS** that Plaintiffs' fraud/detrimental reliance claims be **DISMISSED WITH PREJUDICE**.

## Wrongful Foreclosure

The remaining claim in the complaint is a claim for wrongful foreclosure or a claim for attempted wrongful foreclosure. Plaintiffs allege that BANA proceeded to foreclose "without producing the require[d] legal documents to clarify creditor ownership" and that BANA lacks "judicial [or] nonjudicial rights to foreclosure priority." [Complaint, ¶ 24].

To prove a claim for wrongful foreclosure, a plaintiff must show "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004); accord

28

Nicholson v. One West Bank, 2010 WL 2732325, at *3 (N.D. Ga. April 20, 2010).

"[A] party states a claim of attempted wrongful foreclosure under Georgia law where a creditor attempts to foreclose when it has no legal right to foreclose." Nicholson, 2010 WL 2732325, at *3 (citations omitted). BANA argues that Plaintiffs have not stated a claim for wrongful foreclosure because "Plaintiffs fail to allege [that] any foreclosures occurred, Plaintiffs failed to tender the amount owing on the loans, and BANA has standing to foreclose."[10] [Doc. 7 at 18]. To the extent Plaintiffs intend this to be a claim for attempted wrongful foreclosure, BANA argues that Plaintiffs fail to allege any fact to support "a knowing and intentional publication of untrue information concerning Plaintiffs' financial condition." [Id. at 19 n.14 (citing Aetna Fin. Co. v. Culpepper, 171 Ga. App. 315, 319, 320 S.E.2d 228, 232 (1984)]. See also Sellers v. Bank of America, Nat'l Ass'n, 2012 WL 1853005, at *3 (N.D. Ga. May 21, 2012) (same).

---

[10]Plaintiffs who have executed a deed to secure debt are not entitled to enjoin a foreclosure sale unless they first pay or tender the amount admittedly due. See Taylor v. Wachovia Mortg. Corp., 2009 WL 249353, at *5 n.6 (N.D. Ga. January 30, 2009) (citing Smith Citizens & S. Fin. Corp., 245 Ga. 850, 852, 268 S.E.2d 157, 159 (1980); Mickel v. Pickett, 241 Ga. 528, 535, 247 S.E.2d 82, 87 (1978)).

29

The court cannot say that it is impossible, as a matter of law, for Plaintiffs to amend the complaint to plead a claim for wrongful foreclosure.[11] Plaintiffs allege that BANA proceeded to foreclose "without producing the require[d] legal documents to clarify creditor ownership." [Complaint, ¶ 24]. Courts have routinely rejected "produce the note" claims. See Roper v. Bank of America, N.A., 2012 WL 1134805, at *2 (N.D. Ga. April 4, 2012) ("Georgia law does not require a lender to produce the original promissory note, even when the lender is taking affirmative action such as commencing foreclosure proceedings."); Watkins v. Beneficial, HSBC Mortg., 2010 WL 4318898, at *4 (N.D. Ga. September 2, 2010) (treating produce the note claim as a state law claim and rejecting claim) (citation omitted); Watts v. Ocwen Loan Servicing, LLC, 2010 WL 2950791, at *1 (M.D. Ga. July 21, 2010) (Rejecting produce the note claim stating, "The Court is aware of no law to that effect."). But, "the identity of the secured creditor conducting the [foreclosure] sale is a material element of th[e] notice" required under Georgia law. Stubbs v. Bank of America, 844 F. Supp. 2d 1267, 1271-72 (N.D. Ga. 2012).[12] If the foreclosure has occurred and if the pre-

---

[11]However, a careful review of the complaint fails to provide any basis for inferring a cause of action based on attempted wrongful foreclosure.

[12]The secured creditor must give pre-foreclosure sale notice thirty days prior to the sale pursuant to O.C.G.A. § 44-14-162.2. The notice can be given by an agent of

foreclosure notice did not properly identify the secured creditor - the entity with the legal right to foreclose - then Plaintiffs may be able to amend the complaint to state a wrongful foreclosure cause of action.  Id.

The Eleventh Circuit Court of Appeals has held that, "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." Jemison v. Mitchell, 380 Fed. Appx. 904, 907 (11th Cir. 2010) (citations omitted) (holding that the district court should have allowed a *pro se* plaintiff leave to amend his complaint to allege additional facts supporting a claim). But see Kennedy v. United States, 2012 WL 1758660, at *1 (11th Cir. May 17, 2012) (an unpublished decision upholding dismissal of a wrongful foreclosure claim where the plaintiff "failed to state that any defendant had 'violat[ed] . . . the [foreclosure] statute[, which] is necessary to [establish] a wrongful foreclosure' under Georgia law") (quoting McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132, 543 S.E.2d 755, 758 (2000)); and see Roper, 2012 WL 1134805, at *2 (dismissing wrongful foreclosure claims where the plaintiff only alleged a "'potential action'" for wrongful foreclosure,

_____

the secured creditor, "or, as is often the case, an attorney," but "the identity of the secured creditor conducting the sale is a material element of that notice." Stubbs, 844 F. Supp. 2d at 1272.

because the sale had not yet occurred, and the attempted wrongful foreclosure claim because the plaintiff made no allegations that defamatory statements were published against him).

Because Plaintiffs are proceeding *pro se* (i.e., without benefit of counsel) and base their wrongful foreclosure claim on their need to know the identity of the entity with legal right to foreclose, the court **RECOMMENDS** that Defendant's motion to dismiss the claim for wrongful foreclosure be **DENIED** and that, if the District Court adopts this recommendation, Plaintiffs be **ORDERED** to file an amended complaint **within fourteen calendar days of the date of the District Court's order** and **REPLEAD** only their wrongful foreclosure claim.

## Class Action Claims

Rule 23 provides:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

AO 72A
(Rev.8/82)

Fed. R. Civ. P. 23(a). "To have standing to represent a class, a party must not only satisfy the individual standing prerequisites, but must also 'be part of the class and possess the same interest and suffer the same injury as the class members.'" Mills v. Foremost Ins. Co., 511 F.3d 1300, 1307 (2008) (citations omitted). "'[A] claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.'" Id. (quoting Wooden v. Bd. of Regents, 247 F.3d 1262, 1288 (11th Cir. 2001)). The court having recommended that all claims in the complaint be dismissed with prejudice except for the wrongful foreclosure claims which Plaintiffs must replead, the court **RECOMMENDS** that Defendant's Rule 23 motion to dismiss the complaint be **DENIED** as premature. Compare Mills, 511 F.3d at 1307 (finding standing as putative class representative only after determining that the complaint stated a claim for relief for the named plaintiffs).

## V.      Conclusion

The docket reflects that Plaintiffs filed a premature motion for summary judgment. [Doc. 3]. The court **RECOMMENDS** that Plaintiffs' motion [Doc. 3] be **DENIED AS MOOT** in light of the court's report and recommendation on Defendant's motion [Doc. 7] to dismiss the complaint.

AO 72A
(Rev.8/82)

The court **RECOMMENDS** that Defendant's motion [Doc. 7] to dismiss the complaint be **GRANTED IN PART AND DENIED IN PART**.[13]

The undersigned **RECOMMENDS** that Defendant's Rule 12(b)(5) motion to dismiss the complaint be **DENIED without prejudice..**

The court **RECOMMENDS** that Defendant's rule 12(b)(6) motion to dismiss the claims in the complaint be **GRANTED IN PART** and **DENIED IN PART**. The court **RECOMMENDS** that the motion be **GRANTED** as to the HAMP, FTCA, HFSTHA, TILA, FDCPA, breach of contract, negligence/negligent misrepresentation, fraud, and attempted wrongful foreclosure claims and that such claims be **DISMISSED WITH PREJUDICE**.

The court **RECOMMENDS** that the motion to dismiss Plaintiffs' claims for wrongful foreclosure be **DENIED** and that Plaintiffs be allowed **fourteen days** from the date of the District Court's order to file a complaint and **REPLEAD** a wrongful foreclosure claim, if the District Court adopts the undersigned's report and recommendation. The amended complaint must address only the wrongful foreclosure

---

[13]The Clerk of Court is **DIRECTED** to amend the docket to reflect that [Doc. 13, Plaintiff's "Motion to Strike Defendants (sic) Request to Dismiss"] is construed by the court to be Plaintiffs' response to the motion to dismiss, to which BANA filed a reply [Doc. 14].

34

claims and must state the status of the foreclosure and contain factual allegations stating what entity is identified as creditor in the pre-foreclosure sale notice and why the notice was defective under state law.

The court further **RECOMMENDS** that the Rule 23 motion be **DENIED** as premature.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 08-01 (N.D. Ga. June 12, 2008). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge if the District Court adopts the report and recommendation to dismiss the TILA and FDCPA claims in the complaint.

**SO RECOMMENDED THIS** 13th day of August, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)